Roosevelt MOORE, Plaintiff,

v.

JACK P. HENNESSY CO., Inc.,
Defendant.

Roosevelt MOORE, Plaintiff,

v.

ATLAS SUPPLY COMPANY, Inc.,
Defendant.

Civ. A. Nos. 724–58, 526–59.

United States District Court
D. New Jersey.

Sept. 30, 1960.

Johnson & Johnson, M. Bernadine Johnson, Newark, N. J., for plaintiff.

Hennessy & Mowry, Frank H. Hennessy, Englewood, N. J., Albert Parker and John P. Chandler, New York City, for defendants.

MEANEY, District Judge.

After various proceedings and amendments, the claims of the plaintiff, Roosevelt Moore,[1] subsist as an action against Jack P. Hennessy Co., Inc., and, in a separate action, against Atlas Supply Company, Inc., for infringement on the plaintiff's patent rights in and to improvements on certain devices known as circumferentially traveling type tire mounting devices. The two actions have been consolidated for trial and will be considered together in this opinion. Plaintiff was granted a patent No. 2,482,789 which set forth four allowed claims. He alleges that by the use, sale and promotion of sales of articles manufactured by The Coats Company, a corporation of the State of Iowa, the defendants have infringed on the plaintiff's patent.

The defendants counter with the denial of infringement and assertion that the plaintiff's patent is invalid, having been anticipated in every respect by previously granted patents, notably the Dickey patent No. 1,587,634 (1926) and the Weaver patent No. 1,341,727 (1920), among others.

Since both the Patent Office and the defendants are at one in considering the Dickey patent as one of the chief elements of the prior art which must be differentiated from the Moore claims if validity is to be sustained, it will be well to pass upon the degree, if any, of antici-

---

1. During the 2nd World War the plaintiff, Roosevelt Moore, was in the Armed Forces of the United States, stationed in India. The problems of the Air Force in that significant area were complicated immeasurably by the high incidence of pneumatic tire trouble and the frequency with which tires had to be changed. The difficulty of mounting and dismounting tires on the planes caused inordinate delay, reducing the effectiveness of their operations.

Working with inadequate tools and hampered by the problem of supplies, the plaintiff herein, with surprising ingenuity, devised an apparatus which speeded up to a great degree the processes involved in tire changing, thereby facilitating the performance of the planes.

His contribution to the effective operation of the airplanes was recognized by the military authorities by way of special citation, and after cessation of hostilities he was assisted in his efforts to secure a patent on the apparatus he had constructed. It is a tribute to his skill that under such unfavorable circumstances he should have succeeded in developing the tire mounting implement. A patent was issued on a limited aspect of the machine. Because of lack of funds the invention was not marketed. But on June 30, 1958, and June 25, 1959, plaintiff instituted suits for patent infringement against certain individuals who, the plaintiff deemed, were unjustly appropriating the fruits of his invention. Though the court finds against his contentions, at least this recognition is given to the work of Roosevelt Moore at a time when that work was of inestimable worth to his country. This court feels that there is no doubt that Moore worked without knowledge of patented achievements of others in this field. It is regrettable that the initiative and skill of Moore were anticipated in the prior art, but examination of the whole situation impels this court to find as it does.

pation contained in that patent. As finally allowed, the claims of the Moore patent relate to a tire mounting device only.

Collectively, the four claims of the Moore patent call for a support having a central fixed post thereon adapted to extend through the hub of a wheel on which the tire is to be mounted, and a first arm adjustable in length and having a bearing member at one end for rotatable engagement with said fixed post. The other end of the first arm carries a roller rotatably mounted on a pivot whose axis is parallel to the axis of the fixed post. A handle member is attached rigidly to the first arm to facilitate rotation of the said first arm about the fixed post. A second arm extends from the first arm or from the handle member and is rotatably and longitudinally adjustable thereon. A second roller is mounted on the free end of the second arm with its axis of rotation lying in a plane perpendicular to the pivotal axis of the first roller. The peripheral faces of the first and second rollers are adapted for rolling contact with the tire bead and the adjacent tire side wall respectively so that with rotation of the first arm, the first roller forces the tire bead radially outward while the second roller simultaneously forces the side wall and bead downward over the bead retaining flange, thus mounting the tire.

The Dickey tire tool, patented in 1926, consists, as does Moore's device, of a bar member adapted to be rotated about a fixed pivot with means adjustably mounted on said bar for engaging and causing a bead of a tire to seat in the rim with rotation of the bar about its fixed pivot.

Dickey specifies a sleeve "slidably" mounted on the bar member, on which sleeve are mounted a first roller whose axis is parallel to the fixed pivot of the bar member, and a second roller whose axis lies in a plane perpendicular to both the fixed pivot of the bar member and the axis of the first roller.

The operation of the Dickey tool is substantially identical with that of the Moore device. The peripheral face of the first roller forces the tire bead radially outward while the peripheral face of the second, or following, roller exerts downward pressure upon the portion of the bead which is forced clear of the circumference of the rim by the action of the first roller, thereby seating the tire bead below the bead retaining flange of the rim.

There is one, and only one, feature of the Moore device which sufficiently differentiates it, structurally and functionally, from the Dickey tool to justify the issuance of a patent to Moore in the face of the earlier Dickey patent. Moore's two rollers are mounted in such a way as to be independently adjustable in relation to each other, thus allowing the second roller to exert variable downward pressure upon the tire side wall or adjacent bead at any number of points. The claimed advantage of this feature over Dickey is that tires of varying size, shape and flexibility can be accommodated more effectively if the point and amount of downward pressure are variable with respect to the radially outward pressure exerted by the first roller. It is clear that no such adjustment is possible with Dickey, since both rollers are mounted in fixed relation to each other.

It appears from the record of the proceedings in the Patent Office that this structural and functional difference was heavily relied on both by Moore and the Commissioner of Patents as a basis for the patent grant. It is equally clear that the patent recognized only a limited contribution to the art, namely, this adjustability of the two rollers with relation to each other. Without this limited contribution to the art, the Commissioner of Patents could not, nor can this court, discern any patentable innovation over Dickey in Moore's device.

Alleging the foregoing, defendants claim that their device does not infringe upon the Moore patent. The court agrees that Moore's contribution to the prior art is not incorporated in the device manufactured by The Coats Company.

The Coats device consists, in common with all devices in this area, of a base and a central shaft upon which the rim is se-

cured. The central shaft has a slot into which is inserted the flattened inner end of a round bar. This inner end is slidable in this slot in order to adjust the position of the bar for wheels of differing diameters. The outer end of the bar serves as a handle for rotating the bar and the central shaft into which the bar has been inserted. Between the inner end of the bar and its outer end are located the rollers which force the bead of the tire radially outward and then downward over the bead retaining flange of the rim. Two rollers with the same horizontal axis are bolted to a short arm extending vertically downward from the bar, one of which merely rides on the top outer edge of the rim. The other forces the bead of the tire downward over the bead retaining flange. A third roller with a vertical axis precedes these two rollers as the bar is rotated and its peripheral face forces the bead radially outward. This third roller is bolted to another short arm extending horizontally from the vertical arm and welded thereto.

The only adjustment possible with the Coats device consists of sliding the whole bar with its attached arms and rollers into and out of the slotted center shaft in order to accommodate wheels of varying diameters. The position of the three rollers with respect to each other and with respect to everything else except the slotted center shaft and the base is fixed.

Except for the method of adjusting for different size wheels and except for Coats' addition of an additional roller to ride on the top outer edge of the rim, the Coats device is substantially identical to the Dickey tire tool, and as such does not incorporate the only allegedly novel feature of the Moore patent, i. e., adjustability of the rollers with respect to each other.

■ For the foregoing reasons the court is of the opinion that the Coats device does not infringe upon the Moore patent.

Defendants further contend that the Moore patent is invalid, in that the feature of adjustability of the rollers with respect to each other is disclosed by an earlier patent, Weaver No. 1,341,727 (1920), not cited by the Patent Office against the Moore application. Plaintiff relies upon the presumption of validity which attaches to a duly issued patent, but that presumption can be rebutted by a showing of an anticipating patent not considered by the Patent Office.

The court is of the opinion that the feature of adjustability of rollers with respect to each other was claimed by Weaver in his 1920 patent and is supported by the specifications. Claim 16 of that patent reads as follows:

"In an appliance of the character described, the combination of a support, means to fixedly clamp a vehicle-wheel rim or wheel to said support, a radial arm revoluble about the axis of said rim or wheel, a pair of coaxial rollers on said arm, means to adjust said rollers relatively to one another lengthwise said arm, another roller on said radial arm having an operative plane at substantially right-angles to the planes of said pair of rollers, and means to adjust said latter roller toward and from said pair of rollers, substantially as described."

■ In view of Dickey et al. No. 1,-587,634 (June 8, 1926) and Weaver No. 1,341,727 (June 1, 1920), the court concludes that the Moore patent No. 2,482,-789 (Sept. 27, 1949) is invalid for lack of patentable invention over the prior art.

Since, then, it is the determination of this court that the Moore patent is invalid, there can be no infringement thereon by the defendants. And, further, even if the Moore patent were to be found valid, because of the findings above referred to with reference to the Dickey patent, the Coats device does not constitute an infringement.

This opinion shall serve as findings of fact and conclusions of law.

Let an order be submitted.